**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT J. BARDO,

                Plaintiff - Appellant,

  v.

M. LOCKHART; et al.,

                Defendants - Appellees.

No. 12-16121

D.C. No. 2:09-cv-03479-GEB-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

    California state prisoner Robert J. Bardo appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants

violated his First Amendment rights by confiscating photographs of and materials

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

referencing the actress that Bardo stalked and killed.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001).  We affirm.

The district court properly granted summary judgment on Bardo's retaliation claim because Bardo failed to raise a genuine dispute of material fact as to whether defendants took any adverse action in retaliation for his legal filings, or whether their actions did not reasonably advance legitimate penological interests.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (explaining the elements of a retaliation claim under § 1983).

The district court properly granted summary judgment on Bardo's claim challenging the California prison regulation justifying the confiscation because Bardo failed to raise a genuine dispute of material fact as to whether the regulation is not reasonably related to legitimate penological interests.  *See Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

**AFFIRMED.**